**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BILLY D. BUCKLEY,** ) | |
| **ID # 2225208,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:16-CV-77-N-BH |
| ) | |
| **DAVID BROWN, Chief of Police,** *et al.*, ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been automatically referred for full case management. Based on the relevant filings and applicable law, only the plaintiff's excessive force claim against one officer and his failure to protect claim against the other officer should be allowed to proceed, and all remaining claims should be **DISMISSED**.

**I.  BACKGROUND**

Billy D. Buckley (Plaintiff) sues the City of Dallas (the City) and Dallas Police Department (DPD) Chief David Brown, Officer M. Spence, and Officer Keyonpa Andre Gamble, in their official and individual capacities, under 42 U.S.C. § 1983. (Doc. 17; doc. 19 at 2, 5-6.)[1] He alleges violations of his constitutional rights based on use of excessive force, failure to protect, denial of medical treatment, and theft of his wallet by the officers, and failure to train the officers by Chief Brown. (Doc. 17 at 10-13; doc. 19 at 2, 4, 6-7, 17, 19, 21.) He seeks monetary damages and a preliminary and permanent injunction against the officers to cease their physical violence toward him. (Doc. 17 at 14-15; doc. 19 at 22.)

Plaintiff alleges that on November 5, 2015, the officers were assisting with the execution of a search warrant. (Doc. 17 at 4.) Plaintiff heard a bang and ran from the residence. (doc. 19 at 11.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Officer Spence ordered him to stop running and to get on the ground. (Doc. 17 at 5; doc. 19 at 11.) After he complied with this order, Officer Spence allegedly used his right hand to grab Plaintiff's arms and wrists and push them upward toward his head, used his right knee to apply pressure to Plaintiff's spinal cord in the lumbar area of the back, and used his left fist to repeatedly strike and beat Plaintiff on his ribs on the left side. (Doc. 17 at 5; doc. 19 at 2, 11.) As a result, he suffered a "re-injury" to his lower back; he had sciatic nerve pain and had previously been diagnosed with degenerative disc disease. (Doc. 19 at 16, 19.) He contends that he never resisted arrest physically or verbally after he lay face down on the ground. (Doc. 19 at 11-14.) Officer Gamble grabbed Plaintiff's arms to help Officer Spence hold him down and did not attempt to protect him from Officer Spence's assault. (Doc. 17 at 6; doc. 19 at 3.) Detective Gamble removed Plaintiff's wallet to identify him. (Doc. 17 at 6.) As a result of the incident, Plaintiff was charged with possession of marihuana in Cause No. M1562026 in County Criminal Court No. 1 of Dallas County, Texas. (Doc. 19 at 18.)

At the scene, Plaintiff asked Officer Gamble to take him to a hospital for treatment for his back pain, but Officer Gamble only had a paramedic at the scene examine him. (Doc. 17 at 7.) The paramedic took vital signs and asked Plaintiff about his blood pressure. (*Id.*) Plaintiff was taken to the Dallas County Jail. (*Id.*) During intake, Plaintiff told a nurse about his back pain. (*Id.*) Plaintiff was taken to the infirmary, where he was examined by a health care provider. (*Id.* at 8.) Plaintiff was scheduled for an appointment with a medical doctor, who then prescribed pain medication and ordered an MRI examination. (Doc. 17 at 8; doc. 19 at 16, 19.)

Plaintiff contends that his wallet, which contained $140 in cash and a debit card, was stolen by Officer Gamble because it was not in Plaintiff's intake property at the Dallas County Jail. (Doc. 17 at 7-8, 21.)

Plaintiff alleges that the Chief knew or should have known that there was a danger that Officers Spence and Gamble would engage in the unconstitutional conduct, and that he failed to adequately train or supervise them. (Doc. 17 at 13; doc. 19 at 2, 17.)

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the ADOBE Treatment Center who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It

"afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**     **City**

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694); *see also Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005); *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010).

"Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *accord Pineda v. City of*

*Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). In *Spiller*, the Fifth Circuit found the allegation that "[an officer] was acting in compliance with the municipality's customs, practices or procedures" was conclusory and insufficient to plead municipal liability. *Spiller*, 130 F.3d at 167.

Plaintiff specifically alleges there was no official custom or policy of the City that resulted in his injuries. (doc. 19 at 10.)[2] He has also not described a policy or custom and its relationship to the underlying constitutional violation. He has therefore failed to sufficiently allege a basis for

---

[2] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

municipal liability of the City. *See McClure v. Biesenbach*, 355 F. App'x 800, 803-04 (5th Cir. 2009) (affirming dismissal of municipal liability claims because the complaint alleged insufficient facts). All claims against the City should therefore be dismissed.

**B.** **Official Capacity Claims**

Plaintiff sues the Chief of Police and the Officers in their official capacities.

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's allegations against the defendants in their official capacities are therefore essentially claims against their government employer, the City. *See Graham*, 473 U.S. at 165. It is well-settled that a municipality cannot be liable under § 1983 based on a theory of *respondeat superior*.[3] 42 U.S.C.A. § 1983; *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997); *Monell,* 436 U.S. at 691–95; *Piotrowski*, 237 F.3d at 578 (citing cases). Plaintiffs who seek to impose liability on local governments under § 1983 must prove that their injury was caused by action pursuant to official municipal policy. *Monell,* 436 U.S. at 691–95; *McClure v. Biesenbach,* 355 Fed. App'x 800, 803–04 (5th Cir.2009). Here, because Plaintiff failed to sufficiently allege a claim of municipal liability against the City, all claims against Chief Brown and the officers in their official capacities should be dismissed.

**C.** **Officer Spence**

Plaintiff alleges Officer Spence used excessive force by pushing Plaintiff's arms upward toward his head, using his knee to pressure Plaintiff's lower back, and hitting Plaintiff in the ribs.

---

[3] *Respondeat superior* [Law Latin "let the superior make answer"] is "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *Respondeat Superior*, BLACK'S LAW DICTIONARY (10th ed. 2014).

The Supreme Court has held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A seizure occurs when an officer "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 20 n.16 (1968). To prevail on a claim of excessive force, a plaintiff must demonstrate that the use of force was not "applied in a good-faith effort to maintain or restore discipline", but instead, was used "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Plaintiff has sufficiently alleged facts to support his claim that Officer Spence did not apply force in a good-faith effort to maintain or restore discipline. He alleges Officer Spence pushed his arms up, injured him by kneeing him in the back, and struck him in the ribs, even though he complied with Officer Spence's orders, laid on the ground, and did not resist either physically or verbally. His factual allegations, which must taken as true at this stage of the proceedings, reasonably suggest that Officer Spence acted maliciously and sadistically to cause harm, and are therefore sufficient to survive preliminary screening.[4]

## D.  **Officer Gamble**

Plaintiff alleges Officer Gamble did not protect him from Officer Spence's assault, failed to

---

[4] Plaintiff alleges, and public records show that as a result of the November 5, 2015 incident, he was charged with possession of two ounces or less of marijuana in Cause No. M1562026, and he was convicted upon a plea of guilty on December 30, 2015. *See www.dallascounty.org* (search for Plaintiff and Cause No. M1562026). It does not appear that his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because the allegations in this civil rights action do not necessarily imply the invalidity of his conviction or sentence for drug possession.

take him to a hospital for treatment, and stole his wallet.

### 1. *Failure to protect*

The Fifth Circuit has held that an "officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *accord Elliot v. Linnell*, 269 Fed. App'x 450, 451 (5th Cir. 2008). Plaintiff alleges Officer Gamble was at the scene, grabbed his arms to help Officer Spence hold him down, and did nothing to stop Officer Spence's assault. Plaintiff's allegations that Officer Gamble failed to take reasonable measures to protect him from Officer Spence's alleged use of excessive force, while he was laying on the ground and not resisting in compliance with Officer Spence's orders, are sufficient to survive screening.

### 2. *Denial of Medical Care*

Plaintiff alleges that Officer Gamble did not take him to the hospital for his lower back pain.

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). A delay in medical care is a constitutional violation only if there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff has not alleged facts that would show that Officer Gamble denied Plaintiff access to medical care. He admits that Officer Gamble had a paramedic examine him at the scene. He does not allege that the paramedic informed Officer Gamble that Plaintiff needed to be immediately transported to a hospital before being taken to jail. At the jail, Plaintiff told a nurse about his pain, and he received treatment. He has not alleged facts that show that Officer Gamble was deliberately indifferent to Plaintiff's serious medical needs. He has not alleged facts that show there was any unconstitutional delay in his access to medical care, and he does not allege that any delay caused him substantial harm. Plaintiff has not sufficiently alleged a constitutional violation against Officer Gamble for a failure to provide access to medical care.

### 3. *Theft of wallet*

Plaintiff alleges Officer Gamble stole his wallet.

Whether intentional or negligent, "random and unauthorized" deprivation of property neither

violates the Constitution nor states a claim under § 1983 when adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies, including a state action for the Texas tort of conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir.2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir.1994)). Because Plaintiff has available state post-deprivation remedies, his § 1983 claim based on the alleged theft of his wallet is legally frivolous and should be dismissed.

**E.** **The Chief**

Plaintiff alleges that the Chief failed to supervise and train the officers.

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).

To establish liability on a failure to supervise or train claim, "the plaintiff must show that (1) [the supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). A negligent failure to train is insufficient; a plaintiff must show that the failure to train was done with "deliberate indifference" to his rights. *See*

10

*Brd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997) ("A showing of simple or even heightened negligence will not suffice."). A showing of deliberate indifference usually requires "[p]roof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights[.]" *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis*, 406 F.3d at 381.

"[C]ourts are reluctant to impute knowledge to supervisory or policy-making officials, and absent imputed knowledge, courts cannot find deliberate indifference." *Batiste v. City of Beaumont*, 421 F.Supp.2d 969, 987 (E.D. Tex. 2005). Courts have consistently held that knowledge may be imputed to a supervisory official only in those cases where there is evidence of a history of widespread abuse, "and even then only when there is a causal connection between the failure to supervise or train and the constitutional violation, and the failure to supervise or train amounts to deliberate indifference." *Batiste v. City of Beaumont*, 421 F.Supp.2d 1000, 1006 (E.D. Tex. 2006). Plaintiffs must at least present evidence showing a pattern of similar violations. *See Estate of Davis*, 406 F.3d at 381; *Thompson*, 245 F.3d at 459. A single incident of an alleged constitutional violation may serve as a basis for liability, however, if a plaintiff "prove[s] that the 'highly probable' consequence of a failure to train [or supervise] would result in the specific injury suffered, and that the failure to train [or supervise] represents the moving force behind the [c]onstitutional violation." *Estate of Davis*, 406 F.3d at 385-86.

Plaintiff does not sufficiently allege deliberate indifference. He alleges that the Chief knew or should have known that the officers would engage in their unconstitutional conduct, but he failed to act. He does not allege facts that would show that the Chief had notice of a pattern of similar

violations in the past but he failed to train or supervise, or that the highly predictable consequence of his failure to train or supervise would result in injury to Plaintiff. *See id.* at 381-86; *Thompson*, 245 F.3d 458-59. Plaintiff has not alleged that the Chief committed a constitutional violation for failure to train or supervise.

## IV. RECOMMENDATION

All claims against all defendants, except for the claims against the officers in their individual capacities for use of excessive force and failure to protect, should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**SIGNED this 31st day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE